UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK P. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1638 HEA |
| | ) | |
| TIMOTHY R. LANCASTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Defendants move for dismissal of this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff moves to sanction defense counsel for alleged conflict of interest and fraud on the Court. Having carefully reviewed all matters relevant to the case, the Court finds that this action should be dismissed.

### Standard

To survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." <u>Gregory v. Dillards, Inc.</u>, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citation omitted). "A plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right." <u>Id.</u> (quotations and citation omitted). "While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be

presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." Id. (quotations and citations omitted). "A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." Id. (quotations and citations omitted).

Moreover, because plaintiff is a prisoner, the Court is required to dismiss the action if plaintiff's claims are frivolous or malicious. 28 U.S.C. § 1915A. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

## Plaintiff's Allegations

Plaintiff filed this action under 42 U.S.C. § 1983. At all times relevant to the complaint, plaintiff was incarcerated at Potosi Correctional Center ("PCC"). The Court accepts as true the non-conclusory allegations in the complaint.

On October 26, 2006, plaintiff went to work at his job in the metal chair factory at PCC. Upon arrival, plaintiff was informed that prison officials were investigating the presence of a knife found in the shower in B Wing.

-2-

On October 29, 2012, correctional officers Chrisi Pashia and Brian Hall delivered plaintiff to administrative segregation. Pashia told plaintiff he was under investigation, but she did not tell him what the investigation concerned. Plaintiff requested that he be given a "Temporary Administrative Segregation Confinement order," also called a "TASC." Pashia did not give him one.

Plaintiff asked defendant Dan Bryan for his legal materials relating to a federal civil rights action he was pursuing. Although Bryan told defendant that he would procure them, he never did. Plaintiff did not have his legal materials from October 29, 2012, through November 14, 2012. During that time, however, plaintiff filed three motions in his civil rights action. Davis v. Webb, 4:11CV1906 JAR (E.D. Mo.) (Docs. 60, 62, 63). One of those motions was for an extension of time to comply with the Case Management Order. That motion was granted, and plaintiff filed a third amended complaint shortly thereafter, which was accepted by the Court. Id.

Defendant Timothy Lancaster interviewed plaintiff on October 30, 2012, about the knife. Lancaster told plaintiff he was a suspect because plaintiff was only one of two workers at the metal chair plant who were housed in B Wing. Plaintiff denied making the knife, and he asked Lancaster to submit him to a "computer-voice stress analysis test or a 'CVSA' test." Lancaster did not.

Plaintiff maintains that Lancaster's investigation was faulty for a number of reasons, including failing to rely on surveillance footage and failure to follow proper procedures.

Plaintiff believes the ongoing investigation was performed in retaliation for his civil rights action listed above, which also included Lancaster.  Plaintiff was transferred to a different facility in January 2013.

## Procedural History

The Court reviewed the complaint under 28 U.S.C. § 1915(e) shortly after it was filed.  The Court dismissed plaintiff's claims against defendants Terry White, Daniel Blair, Michael Miller, and Lois Dix because plaintiff's claims against them were either legally frivolous or they failed to state a claim.  The Court did not dismiss plaintiff's First Amendment claims against defendants Timothy Lancaster, Troy Steele, Fred Johnson, Robert Savage, Sheri Shawver, Stanley Pruitt, Dan Bryan, or Jamie Crump.

## Defendants' Motion to Dismiss

Defendants move to dismiss for failure to state a claim, and they contend they are entitled to qualified immunity.  Defendants argue that plaintiff's retaliation claim must be dismissed because the allegation of retaliation is wholly conclusory.  Defendants also assert that plaintiff's allegations demonstrate that they had a

legitimate reason to subject him to an investigation.  Finally, defendants maintain that a non-defendant ordered the investigation and only Lancaster was involved in it, and therefore, they were not personally involved in the alleged deprivations of plaintiff's rights.

Defendants argue that plaintiff's right-of-access claim fails because the Court's docket sheet in <u>Davis v. Webb</u> shows that he filed several motions with the Court during the time he was under investigation.  And they maintain that plaintiff's right-of-access claim is ultimately conclusory.

### Plaintiff's Motion to Disqualify Counsel

Plaintiff moves to disqualify counsel because of an alleged conflict.  One of the Assistant Attorneys General who represents defendants in <u>Davis v. Webb</u> is also representing defendants in this action.  In the other case, defendants filed an affidavit of a caseworker, who attested that plaintiff had access to the law library and to "one lot of legal materials" while he was in administrative segregation following the beginning of the investigation.  Plaintiff alleges that the affidavit is "false" and "fraud on the court," although he offers nothing but his unsworn accusations in support of this claim.  Plaintiff argues that this is a reason to disqualify defense counsel from appearing in this action.

## Plaintiff's Motions for "Fraud on the Court" and for Sanctions

In his motion for "fraud on the court" and for sanctions, plaintiff reiterates his claim that the caseworker's affidavit is false and that defense counsel has purposely committed fraud on the Court by submitting it in the <u>Webb</u> case.  Plaintiff repeats his claim that defense counsel should be disqualified from appearing in this action.

## Discussion

Plaintiff's retaliation claim does not state a claim upon which relief can be granted.  "A prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." <u>Meuir v. Greene County Jail Employees</u>, 487 F.3d 1115, 1119 (8th Cir.2007). Petitioner's claim that he was "investigated" does not show that he was disciplined for the knife that was found in B Wing. Petitioner is not ineligible from investigations as a result of filing a federal civil rights action.

Inmate claims of unlawful retaliation must be treated with skepticism because every act of discipline is by definition retaliatory in the sense that it responds directly to prisoner misconduct.  <u>Sisneros v. Nix</u>, 95 F.3d 749, 752 (8th Cir. 1996).  Plaintiff's claim that the investigation was not performed in accordance with the Missouri Department of Corrections' policy does not state a viable claim.  Plaintiff does not

have any due process rights to have an investigation performed according to state policy.  E.g., Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

To the extent that plaintiff claims that he was transferred to another facility in retaliation for filing a federal lawsuit, he fails to state a plausible claim for relief. Plaintiff does not allege that any of the named defendants were responsible for the transfer.  He alleges that defendant Stanley Pruitt transferred him away from B Wing, but he does not name any of the defendants as responsible for his transfer to ERDCC. Therefore, he has not stated a viable clam for retaliatory transfer under § 1983.  E.g., Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990).

Ultimately, plaintiff's retaliation claim is conclusory and fails to allege facts, which if proved, would entitle plaintiff to relief.

Plaintiff's access-to-the-courts claim fails as well.  The Court takes judicial notice of its own files.  Plaintiff cannot show that he suffered prejudice in the Webb case because he was granted additional time to comply with the Court's orders and successfully filed a third amended complaint while he was being investigated.

Finally, the Court finds that this litigation is malicious.  Plaintiff's motions for sanctions and to disqualify defense counsel demonstrate that he is attempting to harass any of the individuals involved in the Webb case rather than seeking to vindicate a cognizable right.  Any allegation of fraud on the Court in the Webb action

should be filed in that case and not in a separate civil proceeding.  Plaintiff's argument that defense counsel should be  disqualified is wholly frivolous.  And plaintiff's attempt to disparage counsel by arguing that she submitted a "false affidavit" in the Webb case will not be tolerated.  He offers nothing but his unsworn allegations to support the claim.  Defense counsel is an officer of the Court, and absent of good cause the Court will not accept claims of untruthfulness.  Finally, some of plaintiff's claims are simply ridiculous, such as his claim that he should have been given a "computer-voice stress analysis test" to prove his innocence.  Such allegations show that plaintiff is attempting to harass defendants for their part in the investigation of the knife found in B Wing. The complaint is dismissible for this reason alone.

For each of these reasons, the Court will dismiss this action without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [ECF No. 11] is **GRANTED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to disqualify counsel [ECF No. 13] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for fraud on the court [ECF No. 20] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions [ECF No. 21] is **DENIED**.

A separate Order of Dismissal will be filed contemporaneously.

Dated this 14th day of November, 2013.

_____

   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE