**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FREDERICK P. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:13CV1638 HEA |
| | ) | |
| TIMOTHY R. LANCASTER, et al. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTIONS IN LIMINE**

Pursuant to the Case Management Order, (Doc. 343), Plaintiff files these motions in limine, respectfully requesting by appropriate order that the Court:

(i)     Instruct the attorneys for Defendants to refrain from mentioning, referring to, or bringing before the jury, directly or indirectly, upon voir dire examination, reading of the pleadings, statement of the case, interrogation of the witnesses, argument, objections before the jury, or in any other manner whatsoever, any of the matters set forth below, unless such matters have first been called to the Court's attention outside of the presence of the jury and a favorable ruling is received on the admissibility and relevance of such matters;

(ii)     Instruct the attorneys for Defendants to inform Defendants and all witnesses called by, or on behalf of, Defendants to refrain from mentioning or referring to, in any way, in the presence or hearing of the jury, any of the matters set forth below, unless specifically permitted to do so by a ruling of the Court.

1.      **Plaintiff's Motion in Limine No. 1  (Conviction and Prison Sentence)**

Defendants and/or Defendants' counsel may try to reference, introduce evidence, testify about, or elicit testimony regarding Plaintiff's prison sentence(s), including charges, convictions, and lengths. Such reference, evidence, and testimony should be excluded.

Plaintiff's prison sentence(s) (including charges, convictions, and lengths) is irrelevant to Plaintiff's retaliation claims and Defendants' defenses of qualified immunity and failure to exhaust administrative remedies. *See* Fed. R. Evid. 402. Any argued relevance would be substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See* Fed. R. Evid. 403.

There is no applicable exception under Fed. R. Evid. 609(a)(2), as none of the crimes that Plaintiff was convicted of required proving a dishonest act or false statement. Plaintiff was convicted of First Degree Murder. *See* Davis Dep., Jan. 15, 2015, 7:25-8:1. Further, Plaintiff was convicted more than 10 years ago. Plaintiff was convicted on May 17, 1993. *See* Davis Dep., 5:20-7:24.

Therefore, pursuant to Fed. R. Evid. 609(b), the evidence at issue is only admissible if (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudice effect and (2) the proponent gives Plaintiff reasonable written notice of the intent to use it so that the Plaintiff has fair opportunity to contest its use. Here, Plaintiff brings claims against Defendants for retaliation. Defendants' defenses are qualified immunity and failure to exhaust administrative remedies. Plaintiff's prison sentence (including charges, convictions, and lengths) has no probative value in this case. Any argued relevance would be substantially outweighed by its prejudicial effect. Defendants also have provided no written notice of its intent to use evidence regarding Plaintiff's prison sentence.

2.    **Response to Defendants' Motion in Limine (Plaintiff's claims against dismissed defendants dismissed claims)**

Defendants' first motion in limine seeks to exclude any reference to Plaintiff's dismissed claims against former defendants pursuant to Fed. R. Evid. 403 and 404. Defendants' first motion in limine should be denied. Plaintiff agrees to notify the Court and Defendants outside the presence of the jury before referencing that he has filed a lawsuit against previously dismissed Defendants.

However, to the extent Defendants seek to exclude evidence or testimony that would support the dismissed claims, Defendants' motion should be denied. Evidence that supports Plaintiff's dismissed claims, including denial of access to courts and Plaintiff's legal files, are relevant to prove Plaintiff's surviving retaliation claims that Defendants wrongfully held Plaintiff in administrative investigation and denied Plaintiff the opportunity to take a CVSA test. The probative value of these dismissed claims substantially outweigh any potential dangers set forth in Fed. R. Civ. P. 403.

The Court dismissed Plaintiff's claims against Defendant Shawver for failure to properly exhaust those claims. (D.I. 142 at 12). However, Plaintiff's claims against Shawver remain highly probative of his surviving retaliation claims. Plaintiff alleged that he submitted a qualified legal verification form to Defendant Shawver, but she never processed it. Plaintiff alleges that Defendant Shawver submitted a false affidavit in *Webb* stating that she had never received a qualified legal verification form from Plaintiff. After Plaintiff filed a motion in *Webb* requesting an injunction ordering Defendant Shawver to provide him with a qualified legal verification form, she slid a second form under Plaintiff's door to cover up for her actions.

Although Plaintiff's claims against Shawver were not properly exhausted, that non-party officials took adverse actions against Plaintiff for engaging in a protected activity (filing *Webb*) supports the causal connection element of Plaintiff's surviving claims against Defendants. Shawver's actions directly affected Plaintiff's ability to pursue his case in Webb. Therefore, evidence of Shawver's actions is relevant to show that Defendants' adverse actions ((1) wrongfully investigating Plaintiff for the knife incident, (2) denying Plaintiff the opportunity to take a computer-voice stress analysis ("CVSA") test, and (3) wrongfully transferring Plaintiff from temporary administrative segregation confinement ("TASC") unit to long term administrative segregation) were also taken in response to *Webb*.

Defendant has included Shawver on his witness list. Therefore, Defendants' concerns about impermissible hearsay do not apply. Further, bad acts by non-party MDOC officials may include acts that go to these witnesses' character for untruthfulness. See Fed. R. Evid. 608. Bad acts by non-party MDOC officials may also be admissible under Fed. R. Evid. 404(b) (e.g., and go to ultimate motive for the alleged adverse actions).

To the extent that Defendants' first motion is limine is not denied, the Court should defer ruling on the motion until trial, and Plaintiff will first give notice to the Court and Defendants outside the presence of the jury before seeking to introduce evidence regarding bad acts of non-parties.

Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

*/s/ Anthony G. Simon*
Anthony G. Simon, Bar No. 38745
800 Market Street, Suite 1700
St. Louis, MO 63101
Phone: (314) 241-2929
Fax: (314) 241-2029

asimon@simonlawpc.com
*ATTORNEYS FOR PLAINTIFF*
*Frederick P. Davis*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of May 2018 the foregoing was filed electronically with the Clerk of the Court to be served upon all parties by operation of the Court's electronic filing system.

_____/s/ Anthony G. Simon ___