```
 1                    UNITED STATES OF AMERICA
                   EASTERN DISTRICT OF MISSOURI
 2                       EASTERN DIVISION

 3    FREDERICK P. DAVIS,              )
                                       )
 4            Plaintiff,               )
                                       )
 5        vs.                          )   No. 4:13-CV-1638 HEA
                                       )
 6    TIMOTHY R. LANCASTER, et al.,    )
                                       )
 7            Defendants.              )

 8

 9                    TRANSCRIPT OF JURY TRIAL

10         BEFORE THE HONORABLE HENRY E. AUTREY
                UNITED STATES DISTRICT JUDGE
11
                          Volume 4
12                       May 24, 2018

13
      APPEARANCES:
14
      For Plaintiff:        Mr. Anthony G. Simon
15                          Mr. Brian Sabelman
                            THE SIMON LAW FIRM, P.C.
16                          800 Market Street
                            Suite 1700
17                          St. Louis, MO  63101

18    For Defendants:       Mr. Andrew D. Kinghorn
                            Ms. Denise Garrison McElvein
19                          ATTORNEY GENERAL OF MISSOURI
                            P.O. Box 899
20                          Jefferson City, MO  65102

21
      REPORTED BY:          SUSAN R. MORAN, RMR, FCRR
22                          Official Court Reporter
                            111 South 10th Street
23                          St. Louis, MO  63102
                            (314) 244-7983
24
      Proceedings recorded by mechanical stenography, produced by
25    computer-aided transcription.
```

1           (The following proceedings were held outside the

2    hearing of the jury on May 24, 2018 at 10:56 a.m.:)

3                THE COURT:  Good morning, fellas, how are you?

4                MR. SIMON:  Good morning, Your Honor.

5                MR. KINGHORN:  Good morning.

6                THE COURT:  We have another question that we

7    received at approximately 10 a.m.  And it is signed by Emily.

8                MR. SIMON:  Your Honor, did you say another

9    question?

10               THE COURT:  Well, no, in addition to the ones that

11   we received already.

12               MR. SIMON:  Oh, okay.  I didn't know there was one

13   already I guess.

14               THE COURT:  Well, not today, yesterday, the ones

15   from yesterday about the exhibits.

16               MR. SIMON:  Oh, I can't -- I can't -- I'm sorry,

17   yes, I forgot about that.  Thank you.

18               THE COURT:  Emily Morrison.  She may or may not be

19   the foreperson.  She just could be the person signing it, but

20   I'm going to assume that she signed the question.  And it

21   reads as follows:

22               "Please define, quote, a determining factor, closed

23   quote, paren, instruction #14, comma, fifth paragraph, closed

24   parenthesis, period.

25               "There is confusion on underscore how, underscore

1  much, underscore weight this factor would have on the

2  decisions to put Mr. Davis in ad seg, comma, keep him there,

3  comma, or refuse to give him the truth verification test,

4  comma."  Signed by Morrison.

5       So my proposal is this, that I would give them the

6  standard stock response, "You're to be guided by the evidence

7  as you recall it and the instructions of law provided to

8  you."

9       I would like to tell them that if you reread that

10  paragraph carefully and think about it after you've read it,

11  the answer to your questions will be there, but I can't, and

12  I'm not going to, because maybe it will be obvious to them.

13       MR. SIMON:  We agree with your recommendation.  This

14  is Tony Simon for the plaintiffs.  That's the safest course,

15  tell them to go back and be guided by the instructions.

16       MR. KINGHORN:  We agree as well, Judge.

17       THE COURT:  So that's what we will do.

18       MR. SIMON:  Your Honor, is there any way we could

19  get a copy of the question?  We can come up and get it.

20       THE COURT:  Do you want it now or just want to get

21  it when you come back in when we're finished, if we're

22  finished?

23       MR. SIMON:  We can get it when we come back in.  I

24  would just like to have a copy, that's all.

25       THE COURT:  Okay.  We can fax it to you.

1          MR. SIMON:  That would be fine.

2          THE COURT:  What's your fax number?

3          MR. SIMON:  (314)241-2029.

4          THE COURT:  2029, okay.

5          MR. SIMON:  Thank you very much.

6          THE COURT:  We'll fax it to you, Tony.

7          MR. SIMON:  All right.  Thank you.

8          THE COURT:  All right, fellas.  Thank you.

9          MR. KINGHORN:  Thank you.

10         THE COURT: Bye.

11         (Court in recess from 11 a.m. until 11:34 a.m.)

12         THE COURT:  Greetings.

13         MR. KINGHORN:  Good morning.

14         MR. SIMON:  Good morning.

15         THE COURT:  I'd like to tell you we have a verdict

16    but we don't, but we do have this.  At approximately

17    11:15 the jury provided a note to the Court signed by Leslee

18    Waidelich.  And the note reads:

19         "We're unable to reach a unanimous decision.  We're

20    a hung jury."

21         Now, here's my thinking on that.  I know what those

22    words sound like they say, we all know what those words sound

23    like they say, but we also know that those words even though

24    they sound like they say what we expect, it is isn't

25    necessarily the case a lot of times.  So subject to someone's

1   objection what I propose to do is bring the jury out,

2   indicate that we received the note, I've read it and reviewed

3   it.  However, it is important for me to make an inquiry, and

4   I will instruct the foreman that the inquiry I make does not

5   require the foreperson to tell me what the count is, but

6   merely to answer a question.  And the question will be:  Even

7   though you've written this note, do you feel that continued

8   deliberations are likely to result in a resolution of the

9   dispute between the parties?  Anybody have any objection to

10   that?  Mr. Kinghorn?

11          MR. KINGHORN:  No, Your Honor.

12          THE COURT:  Mr. Simon?

13          MR. SIMON:  No objection.

14          THE COURT:  All right.  Go get them.

15          (The following proceedings continued within the

16   hearing of the jury:)

17          THE COURT:  Thank you.  Good morning, ladies and

18   gentlemen of the jury.

19          THE JURORS:  Good morning.

20          THE COURT:  I have received your note from this

21   morning and I've read it and contemplated it.  And I

22   understand the words, although even considering all that,

23   there is still an inquiry I need to make.  So for that

24   purpose I merely need to have the answer to the question.  I

25   do not need to know, and I am instructing you to not tell me

1     what your numerical count is with respect to your votes, I

2     just need an answer.  So in that regard would the foreperson

3     please stand.

4           JUROR NO. 5:  Yes, sir.

5           THE COURT:  All right.  I know that you've indicated

6     that you're unable to reach a unanimous decision and you say

7     that you're a hung jury, however, I need to ask you this.  Do

8     you feel or believe that continued deliberations, considering

9     all of the circumstances, could likely result in a resolution

10    of the dispute between the parties in this matter?

11          JUROR NO. 5:  I do not.

12          THE COURT:  All right.  You may be seated.  Thank

13    you.  Sidebar.

14          (The following proceedings were held at the bench

15    and outside the hearing of the jury:)

16          THE COURT:  So he seemed pretty adamant in his

17    statement that he does not think continued deliberations

18    would help.  I know what I'm thinking.

19          Mr. Simon, anything you want to say?

20          MR. SIMON:  Your Honor, my gut wants me to have you

21    tell them to go back in and keep deliberating, at least give

22    it another try because we need to get this resolved.  We all

23    worked hard; they need to work hard.  It's hard to make a

24    decision.  And let them know if you don't, we got to do this

25    all over again.  But I'm going to defer to you.  You've done

1    this a lot more than me.  I've never had a hung jury before.

2    So what do you think we should do in your experience based on

3    that answer?  I defer to you, Your Honor.  I don't know what

4    to do.  I don't know if my gut is the right thing I guess is

5    what I'm saying.

6         MR. KINGHORN:  Judge, I couldn't agree more.  As an

7    alternative or -- having them go back in does make sense to

8    me.  Another possible suggestion comes from Rule 48.  I don't

9    know if you're familiar with 48(b), "Unless the parties

10   stipulate otherwise, the verdict must be unanimous and must

11   be returned by a jury of at least six members."  So should

12   they be unable to reach a decision, a unanimous decision on

13   further deliberation, I think that our side would be willing

14   to enter a stipulation.

15        MR. SIMON:  If you let me know what you're

16   proposing, I'll ask my guy.  How many?  Majority?

17        MR. KINGHORN:  That seems reasonable to me.

18        MR. SIMON:  So there's seven.  Four out of seven?

19        MR. KINGHORN:  Yes.

20        THE COURT:  See what Mr. Davis says.

21        MS. McELVEIN:  We first want them to deliberate more

22   to see if they can reach a verdict themselves.

23        (A conference was held off the record between the

24   plaintiff and his attorneys.)

25        MR. SIMON:  Thank you, Your Honor.  We have

1    authority to so stipulate to majority.

2         THE COURT:  So I will instruct them the hammer type

3    language and let them continue their deliberations for a

4    while.

5         When you take them back, Alicia, ask them if they

6    want to go ahead and order lunch.  And if so, give them some

7    menus and order lunch for them, and we'll go from there.

8         MR. SIMON:  And if they can't do anything, then

9    we'll do with the four out of seven?

10        THE COURT:  Uh-huh.

11        (The following proceedings continued within the

12   hearing of the jury:)

13        THE COURT:  Thank you, sir.  Thank you, ladies and

14   gentlemen.

15        We fully understand the significance of your

16   opinion, however, please understand this, that the trial of a

17   lawsuit involves much effort, time, and energy on the part of

18   the parties that are involved in the lawsuit, and the parties

19   ultimately are interested in having their lawsuit resolved.

20   They have a right to have their lawsuit resolved if it can be

21   resolved without individuals of the jury committing violence

22   toward the opinions of their fellow jurors in doing that.

23        Having said that, I would urge you and instruct you

24   to return to the jury room to continue your deliberations, to

25   continue those deliberations consistent with the evidence

1    that you've heard and seen in the courtroom and the law that

2    I've given you to apply to that evidence, and to continue

3    your efforts to reach resolution without intellectual or

4    verbal violence toward each other as jurors in the case.

5            Having said that, will you take the jurors back to

6    the jury room.  Thank you, ladies and gentlemen.

7            (Jury sent to continue deliberations at 11:47 a.m.)

8            (The following proceedings were held outside the

9    hearing of the jury:)

10            THE COURT:  All right.  So lunch for them.

11            THE CLERK:  I'm going to print out the forms.

12            THE COURT:  All right.  So they are going to order

13    lunch.  It's going to take about a half hour for them to get

14    their lunch.  I'm going to assume that since they are in the

15    jury room they'll continue deliberating while they eat.  If

16    you all want to go ahead and grab lunch.  Rather than going

17    back to your offices, though, grab some lunch and come back

18    in about an hour.  Thank you all.

19            MR. SIMON:  Thank you, Your Honor.

20            THE COURT:  We're in recess.

21            (Court in recess from 11:50 a.m. until 1:17 p.m.)

22            MR. SIMON:  Your Honor, I had initially told them

23    that I might want to think about the four out of seven some

24    more.  I had initially told the Attorney General's Office

25    that Mr. Davis wanted to think about the compromised

1    proposal, and now you're telling me you're good with it?  He

2    said he's good with it.

3            THE COURT:  All right.  So here we are.  About 1:05,

4    1:06, we received another note from the jury.  And this note

5    is signed by all seven jurors and it reads as follows:

6            "We have not come to a unanimous decision, period.

7    We do not feel that continued deliberation will change this

8    decision, period."

9            So, Counsel, I guess that means we have a hung jury

10   unless we're going to proceed with Rule 48(b).

11           MR. SIMON:  The plaintiff will stipulate to Rule 48,

12   four out of seven, as proposed by the Attorney General.

13           MR. KINGHORN:  As will we.  Thank you, Judge.

14           THE COURT:  So mechanically then how do we get

15   there?  So we need to know which four or five -- we're

16   talking a minimum of four out of seven, right?  It could be

17   five out of seven, it could be six out of seven, but at least

18   four out of seven pursuant to the stipulation, correct?

19           MR. KINGHORN:  Yes, Your Honor.

20           THE COURT:  So we need to know what the number is,

21   how they stand.  And we need to know number wise numerically.

22   And we need to know what numbers, how those numbers relate to

23   "for defendant" or "for plaintiff," right?

24           MR. SIMON:  Yeah.

25           THE COURT:  Go ahead, Tony.

1          MR. SIMON:  I'm just not sure what you're

2     envisioning.  They tell us that and we use that to do what?

3     I mean, are we just going to tell them instead of unanimous,

4     four out of seven, go back in and use that?

5          THE COURT:  Well, that's what I'm saying,

6     mechanically the situation has never come up before.  I've

7     never contemplated it, I've never seen it.  I've never even

8     heard it discussed at any CLEs or anything, which could make

9     for an interesting CLE course.  I'm not sure what the

10    mechanics will be, that's what I'm kind of struggling for

11    here.  Mr. Kinghorn.

12         MR. KINGHORN:  I don't either, Judge, but I would

13    just suggest perhaps instructing -- an instruction to the

14    jury that if they have a simple majority on any particular

15    verdict form that they'd fill it out just as they would had

16    we proceeded with the unanimous verdict.  And then as far as

17    learning or confirming the other information that you had

18    mentioned, we could just poll the jury.

19         MR. SIMON:  That's fine with us.  I think probably

20    we ought to find out whatever instruction said unanimous and

21    you would instruct them that you're retracting that

22    instruction and now they just need a simple majority, four

23    out of seven.  And once they reach four out of seven they

24    move on to the next issue by issue for them, verdict

25    director, verdict director.

 1          And we're okay with polling the jury.  My only

 2    concern about polling them before is there might be second

 3    thoughts once we hear who is on whose side.  And I think it's

 4    better for everybody if we just agree or disagree and we're

 5    all in the same position.

 6          THE COURT:  And out of an abundance of caution with

 7    respect to providing that additional instruction, Alicia,

 8    would you go back and get the Court's original instructions.

 9    I'll use those instructions to formulate this additional

10    instruction.

11          MR. KINGHORN:  Thank you, sir.

12          THE COURT:  I'm going to go back and prepare that

13    instruction.

14          MR. SIMON:  I'm assuming it's four out of seven on

15    any issue.  It doesn't have to be the same four.  It's four

16    out of seven on either, or just like it was in state court

17    with nine out of 12?

18          THE COURT:  Right.

19          (Court in recess from 1:46 p.m. until 2:01 p.m.)

20          THE COURT:  All right.  So I received the proposed

21    agreed upon handwritten instruction from the parties.  I was

22    in the process of concluding the one that I was drafting.

23    I'll read it to you.  Maybe you'll like it.  If not, maybe

24    we'll do yours.  Here's the one I put together.  It's known

25    as Instruction No. A.

1          "Ladies and gentlemen of the jury, you've been

2     provided instructions regarding the law applicable to this

3     case.  I will now provide an additional instruction for you.

4     Understand that all instructions previously provided are

5     still applicable.

6          "You have previously been instructed that your

7     verdict must be unanimous, however, there are circumstances

8     where the law may allow for a verdict as to each party that

9     is the result of a majority vote.  Please return to your jury

10    room and if you are able to render a verdict -- strike that.

11    Please return to your jury room and if you are able to render

12    a majority verdict as to any party, please fill out the

13    applicable verdict form or forms that reflect your decision

14    in that regard and indicate on the verdict form or forms what

15    your count is as to that verdict."

16         I put that in so that there wouldn't be any

17    confusion and we wouldn't necessarily have to poll unless one

18    party or the other or both want them to be polled, that it

19    was actually the result of a majority.

20         MR. SIMON:  Your Honor, Mr. Sabelman wants us to

21    take away the "if you're able" language and make them reach a

22    verdict.

23         THE COURT:  And I guess that's what the hammer

24    instruction really means, although it doesn't really mean

25    that because the various appellate courts have said it

1    shouldn't really mean that, it's just a euphemistic legal

2    term.

3                MR. KINGHORN:  We're happy with the instruction, but

4    we would not oppose if you think it best to make that

5    provision.

6                MR. SIMON:  I would suggest just leaving as is

7    because if you add that you're going to have to add "without

8    doing injustice to" and all that other stuff.

9                THE COURT:  Right.

10               MR. SIMON:  So we're okay with it the way it is.

11               THE COURT:  Although I like the idea, Mr. Sabelman.

12               MR. SABELMAN:  Thank you, Your Honor.

13               THE COURT:  So I will just provide this instruction

14   for you in their packet.  I don't know, maybe I should bring

15   them out and read it to them.

16               MR. SIMON:  I think that would be better, Your

17   Honor.  The only reason we wrote the note we wrote was, and

18   we defer to you on this, but do you think if you tell them

19   that, they are going to think why didn't you tell us this

20   sooner?  You told us it had to be unanimous, now you're

21   telling us we can do this.  So we were just going to indicate

22   that the parties have agreed or stipulated that -- and I only

23   suggest that because I don't want them to think we've been

24   making them go through this when all along they could have

25   done it by majority.  I mean, your instruction is accurate.

1          THE COURT:  But then too the other side of the coin

2    is they could think the same thing if you put in language

3    about the parties have stipulated, because they could have

4    said well, if you would have told us that the parties could

5    agree to this, why don't the parties agree to just the

6    majority all the while and we would have been gone yesterday

7    or something, whatever, depending on where they were, you

8    know.

9          MR. SIMON:  You could tell them you didn't let us,

10   Your Honor.  That's fine.

11         THE COURT:  I might do that.  Bring them out.

12         (The following proceedings continued within the

13   hearing of the jury:)

14         THE COURT:  Ladies and gentlemen, the Court has

15   received your last note that is signed by all the jurors.

16   The response to your last note is this:

17         Instruction No. A:  Ladies and gentlemen of the

18   jury, you've been provided instructions regarding the law

19   applicable to this case.  I will now provide an additional

20   instruction for you.  Understand that all instructions

21   previously provided are still applicable.

22         You have previously been instructed that your

23   verdict must be unanimous, however, there are circumstances

24   where the law may allow for a verdict as to each party that

25   is a result of a majority vote.  Please return to your jury

1    room and if you are able to render a majority verdict as to

2    any party, please fill out the applicable verdict form or

3    forms that reflect your decision in that regard and indicate

4    on that verdict form or forms what your count is as to that

5    verdict.

6              I'll provide this instruction to you with the

7    original instruction packet.  And Alicia will take you back

8    to the jury room, folks.  Thank you.

9              (Court in recess from 1:46 p.m. until 2:27 p.m.)

10             (The following proceedings were held outside the

11   hearing of the jury:)

12             THE COURT:  Back in session.  Let the record reflect

13   that at approximately 2:25 p.m., the Court received another

14   note from the jury signed by it appears all seven jurors.

15   That note reads:  "We have reached a decision."  That being

16   said, we'll have the clerk go back and bring the jury out and

17   see where we are.

18             (The following proceedings continued within the

19   hearing of the jury:)

20             THE COURT:  Will the foreperson please rise.

21   Mr. Butt.

22             JUROR NO. 5:  Tanseer Butt.

23             THE COURT:  Has the jury reached a verdict or

24   verdicts in this matter?

25             JUROR NO. 5:  Yes, we have.

1    THE COURT:  Will you hand the paperwork to the

2    clerk, please.

3         Madam clerk, will you read the verdicts.

4    THE CLERK:  On Plaintiff Frederick Davis' claim

5    against Defendant Timothy Lancaster, as submitted in

6    Instruction No. 14, we find in favor of Defendant Timothy

7    Lancaster.  The vote was unanimous, seven and zero.

8         On Plaintiff Frederick Davis' claim against

9    Defendant Troy Steele, as submitted in Instruction No. 15, we

10   find in favor of Plaintiff Frederick Davis.  We find

11   Plaintiff Frederick Davis' damages to be $255.  We assess

12   punitive damages against Defendant Troy Steele as follows:

13   $7,500.  The vote was five to two.

14        On Plaintiff Frederick Davis' claim against

15   Defendant Dan Bryan, as submitted in Instruction No. 16, we

16   find in favor of Defendant Dan Bryan.  The vote was five to

17   two.

18        On Plaintiff Frederick Davis' claim against

19   Defendant Stanley Pruitt, as submitted in Instruction No. 17,

20   we find in favor of Defendant Stanley Pruitt.  The vote was

21   seven to zero.

22   THE COURT:  Mr. Kinghorn, do you wish to have the

23   jury polled as to the verdicts?

24   MR. KINGHORN:  As to Defendant Steele, yes, Your

25   Honor.

```
 1                THE COURT:  As to Defendant Steele only.  Very well.
 2   Will you poll the jury as to Defendant Steele only.
 3                THE CLERK:  Juror No. 1, is this your true and
 4   correct verdict?
 5                JUROR NO. 1:  Yes.
 6                THE CLERK:  Juror No. 2, is this your true and
 7   correct verdict?
 8                JUROR NO. 2:  Yes.
 9                THE CLERK:  Juror No. 3, is this your true and
10   correct verdict?
11                JUROR NO. 3:  Yes.
12                THE CLERK:  Juror No. 4, is this your true and
13   correct verdict?
14                JUROR NO. 4:  Yes.
15                THE CLERK:  Juror No. 5, is this your true and
16   correct verdict?
17                JUROR NO. 5:  Yes.
18                THE CLERK:  Juror No. 6, is this your true and
19   correct verdict?
20                JUROR NO. 6:  Yes.
21                THE CLERK:  Juror No. 7, is this your true and
22   correct verdict?
23                JUROR NO. 7:  Yes.
24                THE COURT:  Very well.  Thank you.
25                Mr. Simon, do you wish to have the jury polled in
```

1   regard to the other verdicts?

2           MR. SIMON:  No, Your Honor.  No.

3           THE COURT:  All right.  Very well.  Ladies and

4   gentlemen of the jury, the Court will accept your verdicts as

5   read by the clerk and as you've been polled in regard to same

6   as well.  Having accepted your verdicts in this matter, that

7   will be the closure for the dispute between the Plaintiff,

8   Mr. Davis, and the Defendants Lancaster, Steele, Bryan, and

9   Pruitt.  And that will close out this matter.

10          Having done so you will be discharged for your -- in

11  regards to your service this week.  And the admonitions that

12  I gave you earlier and throughout the trial are now lifted.

13  I keep forgetting to turn this thing on.

14          If you want to talk about the case, you can.  If you

15  don't want to talk about the case, you don't have to.  It's

16  entirely up to you.

17          And I also want to thank you personally and also on

18  behalf of my colleagues, the other district and magistrate

19  judges here in the Eastern District of Missouri for your

20  service this week, for coming in and assisting us in a

21  resolution of this dispute.  I know, and I have to tell you

22  again that without your willingness to come in and assist in

23  regard to these matters, the folks would never have their

24  disputes resolved in court and cases would linger on forever.

25  And that would be an absolute injustice for everyone.  Not

1    only to those persons that have the cases pending, but for

2    all those other citizens out there because it does and would

3    affect them ultimately if they were to have disputes and

4    would demonstrate an inefficient system of justice.

5            Thank you for your time and service.

6            Do they need to go back to the jury assembly room

7    for anything?

8            THE CLERK:  No.

9            THE COURT:  Alicia has some paperwork for you.  You

10   can collect the paperwork from her and turn in your juror

11   number badges.  And enjoy the weekend.  Have a safe weekend.

12   Enjoy the summer that's coming.  And if you're going to the

13   Ozarks for the party cove this weekend, be careful.  Take

14   care.  Thank you.

15           (Jury dismissed.)

16           THE COURT:  Counsel, I want to personally thank you

17   for your time and your diligence in the pursuit of justice in

18   this case.  Of course the usual time for filing your motions

19   for new trial, et cetera, will be applicable.

20           And not demonstrating any favoritism, Mr. Kinghorn,

21   to Mr. Simon, but I want to especially thank Mr. Simon for

22   taking on the appointment in this case.  He could have said

23   no.  Every lawyer has the option to say no.  I want to thank

24   you for that, Mr. Simon.  I especially think that when

25   lawyers take on cases like this by appointment of the judge,

1   these are truly pro bono cases in terms of their

2   circumstances.  It's that acceptance of the responsibility of

3   lawyering that makes lawyering, well, such a productive and

4   rewarding thing.

5          MR. SIMON:  Happy to help.

6          THE COURT:  Thank you, Counsel.  Mr. Davis, take

7   care of yourself.

8          MR. DAVIS:  Thank you, Your Honor.

9          THE COURT:  And that will conclude this proceeding.

10  Ms. McElvein, Mr. Kinghorn?

11         MS. McELVEIN:  We just need copies of the jury

12  instructions and notes.

13         THE COURT:  I have your copies for you but I didn't

14  bring them out.

15             (Court in recess at 2:37 p.m.)

16

17

18

19

20

21

22

23

24

25

1              C E R T I F I C A T E

2          I, Susan R. Moran, Registered Merit Reporter, in

3     and for the United States District Court for the Eastern

4     District of Missouri, do hereby certify that I was present

5     at and reported in machine shorthand the proceedings in the

6     above-mentioned court; and that the foregoing transcript is

7     a true, correct, and complete transcript of my stenographic

8     notes.

9          I further certify that I am not attorney for, nor

10    employed by, nor related to any of the parties or attorneys

11    in this action, nor financially interested in the action.

12         I further certify that this transcript contains

13    pages 1 - 22 and that this reporter takes no responsibility

14    for missing or damaged pages of this transcript when same

15    transcript is copied by any party other than this reporter.

16         IN WITNESS WHEREOF, I have hereunto set my hand

17    at St. Louis, Missouri, this 19th day of July, 2018.

18

19                    _____

20                    /s/ Susan R. Moran
                      Registered Merit Reporter

21

22

23

24

25