UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FREDERICK P. DAVIS, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. 4:13CV1638 HEA |
| | ) | |
| TIMOTHY R. LANCATSER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees, [Doc. No. 397] and Plaintiff's Motion for Costs, [Doc. No. 399]. Defendant Warden Troy Steele, the only defendant found liable by the jury, objects to Plaintiff's Motions and has filed responses in opposition thereto.

Plaintiff seeks attorneys' fees in the in the amount of $11,250.00 as the prevailing party in the Section 1983 action, costs for Court-appointed counsel in the amount of $1,788.25, and Plaintiff's costs in the amount of $261.67. The Court finds the submitted attorneys' fees to be recoverable. A portion of the submitted costs ($1,389.07) will be taxed against Defendant.

**Background**

In August 2013, Davis filed suit against twelve defendants pursuant to 42 U.S.C. §1983 alleging retaliation against him for exercising his constitutionally

protected right to file a lawsuit. The Eighth Circuit reversed the dismissal of Davis's retaliation claims in *Davis v. Lancaster*, 577 F. App'x 638 (8th Cir. 2014). The Court then appointed counsel for Davis on three occasions. Davis's first appointed counsel took depositions in this case, and Davis's second appointed counsel filed pre-trial motions. However, Davis was dissatisfied with his second appointed counsel and made several requests for new counsel while filing several *pro se* motions. In January 2018, the Court appointed Anthony Simon to represent. Simon and Brian Sableman, a law student authorized to work on this case and appear in court under Missouri Supreme Court Rule 13, filed new pre-trial motions and represented Davis at trial. The jury found in favor of Davis and against Defendant Steele. The jury awarded $255.00 in compensatory damages and $7,500.00 in punitive damages against Steele. Defendant Steele's Motion for Judgment Notwithstanding the Verdict or Alter or Amend the Judgment was denied on November 27, 2018.

## Analysis

**Attorneys' Fees**

A court has discretion to award reasonable attorneys' fees to a party who prevails in a claim filed under 42 U.S. C. § 1983. 42 U.S.C. § 1988(b). Importantly, a trial court's "discretion to deny attorneys' fees to a prevailing plaintiff is narrow." *Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997). The

Eighth Circuit reviews legal issues relating to fee awards de novo and factual determinations for abuse of discretion. *See Cody v. Hillard*, 304 F.3d 767, 772 (8th Cir. 2002). The party seeking the award must submit evidence supporting the requested hours and rates, making "a good faith effort" to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).

Section 1988 authorizes awards of reasonable attorneys' fees to a "prevailing party." 42 U.S.C. § 1988; *Dorr v. Weber*, 741 F. Supp. 2d 1022, 1028 (N.D. Iowa 2010). In *Hensley*, the Supreme Court stated that a party is a "prevailing party" when he or she "'succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit. "461 U.S. at 433; *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (a prevailing party is one who obtains "at least some relief on the merits of his claim").

When a plaintiff has only limited success, the extent of that success "is a crucial factor in determining the proper amount of an award of attorneys' fees under 42 U.S.C. § 1988." *Hensley*, 461 U.S. at 440. The court must consider whether a plaintiff's unsuccessful claims "were unrelated to the claims on which [the plaintiff] succeeded" and whether "the level of success" achieved by the plaintiff "makes the hours reasonably expended a satisfactory basis for making a

3

fee award." *Id*. at 434. When a plaintiff's claims "involve a common core of facts or [are] based on related legal theories [, m]uch of counsel's time will be devoted generally to the litigation as a whole." *Id*. at 435. In that situation, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*.

"Where a plaintiff has obtained excellent results, [the plaintiff's] attorney should recover a fully compensatory fee, [which will n]ormally ... encompass all hours reasonably expended on the litigation." *Id*. Significantly, the Eighth Circuit has explained this as meaning that a "plaintiff who has won excellent results ... is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which [the plaintiff] did not win." *Jenkins*, 127 F.3d at 716.

If, however, "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. As the Supreme Court concluded:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from [the plaintiff's] successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have [the plaintiff's] attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Id*. at 440.

The principle of awarding a fully compensatory fee to plaintiffs who have not prevailed on all of their asserted claims recognizes that:

> in the real world, litigation is more complex [than in the movies], involving multiple claims for relief that implicate a mix of legal theories and have different merits. Some claims succeed; others fail. Some charges are frivolous; others (even if not ultimately successful) have a reasonable basis. In short, litigation is messy, and courts must deal with this untidiness in awarding fees.
>
> Given this reality, we have made clear that plaintiffs may receive fees under Section 1988 even if they are not victorious on every claim. A civil rights plaintiff who obtains meaningful relief has corrected a violation of federal law and, in so doing, has vindicated Congress's statutory purposes. That "result is what matters," we explained in *Hensley* ..., 461 U.S. [at] 435 ...: A court should compensate the plaintiff for the time [the plaintiff's] attorney reasonably spent in achieving the favorable outcome, even if "the plaintiff failed to prevail on every contention." *I*[*d*]. The fee award, of course, should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief: Such work "cannot be deemed to have been expended in pursuit of the ultimate result achieved." *I*[*d*]. (internal quotation marks omitted). But the presence of these unsuccessful claims does not immunize a defendant against paying for the attorney's fees that the plaintiff reasonably incurred in remedying a breach of [the plaintiff's] civil rights.

*Fox v. Vice*, 563 U.S. 826, 834 (2011). Rather, "Congress authorized fees to plaintiffs to compensate them for the costs of redressing civil rights violations; accordingly, a plaintiff may receive fees for all work relating to the accomplishment of that result, even if 'the plaintiff failed to prevail on every contention raised.'" *Fox*, 563 U.S. at 836 n.3 (*quoting Hensley*, 461 U.S. at 435).

5

Defendant maintains several objections to the attorneys' fees sought by Plaintiff. The Court addresses each in turn.

Limited Success

Defendant first objects to the attorneys' fees as unreasonable because Plaintiff received a favorable verdict against only one defendant out of four. Defendant claims that Plaintiff's attorneys' fee award should be reduced based on Plaintiff's "very limited degree of success in this case."

As discussed at length *supra*, prevailing party status "is determined on the outcome of the case as a whole, rather than by piecemeal assessment of how a party fares ... along the way." *Jenkins,* 127 F.3d at 714. Here, the claims at trial against each defendant involved a common core of facts. Moreover, Plaintiff, as a *pro se* complainant bringing a prisoner § 1983 claim *in forma pauperis*, achieved an exceptional outcome in this case by winning a substantial judgment consisting of actual and punitive damages for a violation of his civil rights. Defendant's objection is overruled.

Sufficiency of the evidence

Defendant's second objection to the attorneys' fees award is that the judgment against Steele is not supported by the evidence and that the award of damages should be set aside or reduced. This theory was rejected when the Court denied Steele's Motion for Judgment Notwithstanding the Verdict or in the

Alternative Motion to Alter or Amend the Judgment. This general objection is overruled as moot.

Unnecessary and duplicative work

Defendant's third and final objection to Plaintiff's attorneys' fees request is that the list of billable time shows "unnecessary and duplicative work" and that time filing pleadings is not compensable. According to defendant, the unnecessary and duplicative work includes rewriting and reviewing pretrial materials, and time spent by Simon reviewing the work of student/clerk Sableman.

For the Motion for Attorneys' Fees, Plaintiff has submitted an itemized list of time expended by counsel. Plaintiff seeks fees in the amount of $11,250.00, which is 150% of the Plaintiff's $7,500.00 punitive damages award. The requested fee is so calculated because "the [Prison Litigation Reform Act] allows an award of attorneys' fees for 150 percent of the damages award." *Royal v. Kautzky*, 375 F.3d 720, 725 (8th Cir. 2004). Plaintiff notes that due to the PLRA cap on fees, counsel opted not to bill the paralegal time that was used in this case.

Of course, fees awarded under § 1988 are usually computed by multiplying the number of hours reasonably expended on the case by a reasonable hourly rate. *Hensley*, 461 U.S. at 434. Defendant does not object to the hourly rates applied to Simon and Sableman of $210.00 and $150.00, respectively. The total attorneys' fees, based on Plaintiff's submitted bill and rates and before applying the PLRA

7

cap, would be $21,900.00.[1] The Court is mindful that Defendant is essentially enjoying a $10,650.00 discount thanks to the PLRA.

It is entirely reasonable for counsel to review and rewrite insufficient pretrial motions so they can effectively prosecute their case. Defendant's contention that he "should not bear the cost of the same task being redone for a third time" is not well taken in light of the fact that Defendant is paying neither for the services of first- or second-appointed counsel nor for Plaintiff's time drafting motions *pro se*.

As to the time spent by Simon reviewing Sableman's work on these motions, the Court will not dissuade attorneys from utilizing attorneys, law clerks, or paralegals with lower billing rates to perform tasks in a more cost-effective fashion. Of course, it is reasonable and often necessary for the senior attorney to review the work of less experienced or non-attorney colleagues.

Defendant also argues that Plaintiff's fee request should be reduced because the time entries submitted were improper "block billing." While the entries do not indicate how many minutes were spent on each particular task, they are sufficiently specific to communicate the work that was done and its connection to the case. "Defendant's position that counsel should be required to more specifically detail how his/her time was expended would place a tremendous burden on any counsel

---

[1] (40 Simon hours * $210.00) + (90 Sableman hours * $150.00) = $21,900.00

and would result in inefficient utilization of counsel's time." *Monsanto Company v. David*, No. 4:04CV425HEA, 2006 WL 2669076, at *1 (E.D. Mo. Sept. 14, 2006). The Court finds that the billing report sufficiently details the actions taken by the attorneys to allow for meaningful review of the hours expended.

Finally, while the Court accepts that time spent filing pleadings is not compensable, the removal of filing time has no effect on the requested attorneys' fees amount. Simon included the filing of ten documents in his billable hours. Even if the Court subtracts one hour for filing (a substantial assumption, in this age of e-filing,) Simon still bills 39 hours. The new total attorneys' fees, before applying the PLRA cap, would now be $21,690.00.[2] This sum is still more than $10,000.00 over the PLRA-capped amount of $11,250.00 that Plaintiff requested. Defendant's objection to unnecessary and duplicative work is overruled.

Plaintiff's Motion for Attorneys' Fees is granted and the Court will award fees in the amount of $11,250.00.

**Bill of Costs**

Plaintiff, as the prevailing party, also requests the Court award it costs pursuant to 42 U.S.C. § 1988(b), 28 U.S.C.A. § 1920, and Fed. R. Civ. P. 54(d).

---

[2] (39 Simon hours * $210.00) + (90 Sableman hours * $150.00) = $21,690.00

9

Plaintiff has submitted itemized statements and receipts showing costs incurred by counsel and by Davis. Defendant lodges four objections to Plaintiff's request.

Sufficiency of the evidence and "Limited" success

Defendant objects to the bill of costs on the grounds that the judgment against Steele is not supported by the evidence, and that the proposed costs are unreasonable because of Plaintiff's "limited" success. The sufficiency theory was rejected when the Court denied Steele's Motion for Judgment Notwithstanding the Verdict. As discussed *supra*, the idea that Plaintiff achieved only "limited" success in his civil rights action is also rejected. Plaintiff is the prevailing party and thus entitled to costs. Defendant's first objection is overruled.

Statutorily Prohibited Costs

Defendant further objects to specific costs as not "set out in 28 U.S.C. § 1920 or some other statutory authorization." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987)). As detailed below, these objections are sustained.

- Postage and telephone calls: Plaintiff seeks postage costs in the amount of $31.95 and telephone calls in the amount of $38.00. "Section 1920 does not authorize taxing the [non-prevailing party] for the [prevailing party's] postage and delivery expenses." *Tenet Healthsystem SL, Inc.*, 436 F.3d at 889. Likewise, telephone calls are not authorized costs under § 1920. *Hollenbeck v.*

*Falstaff Brewing Corp.*, 605 F.Supp. 421, 439 (E.D. Mo.1984)). Postage and telephone costs will not be taxed against Defendant.

- Private process servers: Plaintiff seeks $410.00 for the fees of a private process server. "[W]hile other courts have permitted the recovery of special process fees, this court is compelled to follow Eighth Circuit precedent regardless of the equities at play in the facts of this case." *Bunda v. Potter*, No. C03–3102–MWB, 2006 WL 266513, at *4 (N.D.Iowa Jan. 31, 2006). *See Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir.1985) ("Nor can KFC recover $250 for use of a special process server, because 28 U.S.C. § 1920 (1982) contains no provision for such expenses.") Thus, "in this circuit, fees charged by private process and subpoena servers are not taxable costs at all; only Marshals' fees are recoverable under Section 1920 ." *Jamison Electric, LLC v. Hankins Const. Co.*, No. 4:12CV1746 CDP, at * 8 (E.D.Mo. Apr. 13, 2015). The private process server fees will not be taxed against Defendant.

- PACER fees: Plaintiff seeks $108.50 for PACER usage fees. PACER fees are not provided for under the categories set forth in 28 U.S.C.1920. *See Standley, et al. v. Chilhowee R–IV Sch. Dist., et al.*, 5 F.3d 319, 325 (8th Cir.1993) (holding "computer-aided research, like any other form of legal research, is a component of attorneys' fees and cannot be taxed as an item of cost in addition to the attorneys' fee award."). PACER fees will not be taxed against Defendant.

Witness costs

Although witness fees are taxable costs, Defendant Steele argues that he should not be taxed for the fees associated with witness Sheri Shawver. Steele contends that Shawver's testimony concerned only Plaintiff's claim against Defendant Dan Bryant, a claim in which Bryant prevailed. Plaintiff did not respond to this argument. After a review of the record, it is apparent that Shaver's testimony was unrelated to the judgment against Defendant Steele. Defendant Steele's objection to the $69.00 witness fees is sustained.

Costs personally incurred by Plaintiff

Plaintiff Davis submitted an affidavit declaring, under penalty of perjury, that he incurred $261.67 in costs related to this case. The $48.37 PLRA filing fee that Davis paid to the clerk is taxable under 28 U.S.C.A. §1920(1).

Attached to the Bill of Costs submitted by counsel were photocopies of receipts for postage and copy cards purchased by Davis using his inmate account, as well as a handwritten list of receipt numbers with amounts expended by Davis for legal copies. "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable under 28 U.S.C.A. §1920(4). Defendant claims that there is no way to tell that the copy cards and legal copies were used in this litigation, or in other cases filed by Davis. Although the dates on several receipts are not legible, and the copies are

quite blurry, all but one receipt can be deciphered to determine that copy cards were purchased and how many cards, at $2.00 each, Davis bought. The copy cards total $52.00 and will be taxed against Defendant. The itemized list of legal copies, totaling $139.90, will also be allowed. The Court finds that that Mr. Davis, who is incarcerated and acted *pro se* for portions of this litigation, incurred the copy costs declared. As noted above, the $18.00 Davis spent on postage is not allowable.

Total costs

In total, $1,389.07 in costs is taxable against Defendant Steele, with $1,148.80 allocated to counsel and $240.27 allocated to Davis. The remaining requests for $660.85 in costs are denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorneys' Fees, [Doc. No.397] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorneys' fees in the amount of $11,250.00.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Costs, [Doc. No. 399] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that Plaintiff is awarded costs in the amount

13

of $1,389.07.

Dated this 18th day of January, 2019.

                                                  _____
                                                    HENRY EDWARD AUTREY
                                             UNITED STATES DISTRICT JUDGE